UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| LETHA THORNTON | : BANKRUPTCY NO. 19-15417-JKF |
| Debtor | : CHAPTER 13 |
| | : L.B.R. 9014-3 |
| PENNSYLVANIA HOUSING FINANCE AGENCY | : |
| Movant | : |
| vs. | : |
| LETHA THORNTON and SCOTT F. WATERMAN, Trustee | : |
| Respondents | : |

**STIPULATION AND AGREEMENT IN SETTLEMENT
OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

AND NOW COMES, Leon P. Haller, Esquire, attorney for the Movant, and Michael A. Latzes, attorney for Debtor, Letha Thornton, and enter into this stipulation and agreement to settle the Motion for relief from the automatic stay as follows:

1. In an attempt to provide Movant with adequate protection for its mortgage, and in settlement of its Motion as previously stated, the parties stipulate to the following facts and agree to the following terms which will be incorporated into an Order to be entered by the Court.

2. The total debt owed by the Debtor is secured by a mortgage on their principal residence at 437 Ellis Avenue, Colwyn, Pennsylvania 19023, which mortgage is recorded in Delaware County records in Book 4770, Page 1143.

3.There has been a failure on behalf of the Debtor to make post-petition mortgage payments. This post-petition default through June, 2020, together with attorney's fees not claimed by Movant on its proof of claim now totals $8,856.97 determined as follows:

| | |
|---|---|
| 9 Payments at $879.00 | $ 7,911.00 |
| 9 Late Charges at $18.33 | $   164.97 |
| Attorney fees and costs | $   781.00 |
| Total | $ 8,856.97 |

4.Movant has agreed to be provided with the following adequate protection and thereby allow the Debtor to continue with her Chapter 13 Plan:

(a)Debtor, commencing with July, 2020, shall pay the sum of $879.00 per month representing the regular mortgage payment. Such payment to be timely made in accordance with the loan documents between Debtor and Movant. Debtor acknowledges that the regular monthly payment may vary depending upon tax and insurance escrow requirements.

(b)Debtor shall pay and cure the post-petition arrearages of $8,856.97 as follows:

(1) The balance of $8,856.97 shall be paid through the Chapter 13 Plan.

(2) Movant shall file Amended Proof of Claim within twenty (20) days from the date of the Order approving Stipulation.

(3) Within thirty (30) days from the date of the Order Approving Stipulation, Debtor shall file an Amended Plan allowing for payment of the amounts set forth in Movant's Proof of Claim.

An Order shall be presented to the Court which will permit Movant to proceed with mortgage foreclosure upon the occurrence of the events of default as specified in Paragraph 5.

5. In the event Debtor fails to comply with any provision in Paragraph 4 of this Agreement, Movant, by counsel for Movant, shall serve the Debtor and her counsel with a 15 Day Notice of default. In the event the Debtor fails to cure the default within the notice period, Movant may proceed to file with the Court a Certification of Default and request the entry of an order modifying the automatic stay.

6. Time is of the essence of this agreement and the terms of this agreement become effective immediately, thereby requiring the Debtor to make a mortgage payment immediately whether or not the stipulation has been approved by the Court.

7. The terms of this Agreement shall apply only during the pendency of Debtor's Chapter 13 proceeding. This Agreement shall be null and void upon conversion of the case to a Chapter 7 proceeding or upon dismissal of the case.

THE PARTIES AGREE TO BE LEGALLY BOUND BY THE FACTS SET FORTH IN THIS STIPULATION AND BY THIS AGREEMENT RECOGNIZE THE FACTS SET FORTH THEREIN TO BE TRUE AND CORRECT AND HAVE EXECUTED THIS AGREEMENT WITH THE KNOWLEDGE THAT IT WILL BE PRESENTED TO THE COURT FOR APPROVAL.

Witnesses:

_____    Leon P. Haller, Attorney for Movant

_____    Michael A. Latzes, Attorney for Debtor

_____    Letha Thornton

3